**George Ram LAMA, Plaintiff— Appellant,**

v.

**Fred MEYER, Defendant—Appellee.**

No. 04–35080.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George Ram Lama, Seattle, WA, pro se.

James R. Dickens, Esq., Miller Nash, LLP, Seattle, WA, for Defendants–Appellees.

*** This disposition is not appropriate for publication and may not be cited to or by the

Before: LEAVY, FERNANDEZ, and GOULD, Circuit Judges.

## MEMORANDUM ***

George Ram Lama appeals pro se the district court's summary judgment in favor of defendant in his Title VII action alleging retaliation, harassment and discrimination on the basis of race, color, religion, political interests and national origin. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Lama's national origin claim because Lama failed to present any evidence that his supervisors scrutinized him more closely than other employees because he was Nepalese. *See McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (setting forth prima facie case of disparate treatment).

The district court properly granted summary judgment on Lama's hostile work environment claim because Lama failed to present any evidence that defendants followed and profiled him on the basis of his national origin. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir.2003).

The district court also properly granted summary judgment on Lama's retaliation claim because Lama failed to raise a genuine issue of material fact as to whether defendant retaliated against him for engaging in a protected activity. *See id.* at 800.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court properly dismissed Lama's claims of discrimination based on race, color, religion, and political interests because Lama did not include these claims in his charge filed with the Washington State Human Rights Commission and the Equal Employment Opportunity Commission. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) (plaintiffs must exhaust administrative remedies before seeking federal adjudication of claims).

Lama's remaining contentions are unpersuasive.

AFFIRMED.